Arthur H. Piervincenti, P.A.
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
Email: arthur@lawahp.com
*Attorneys for Plaintiff*
Our File No.: 118268

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| Amy R. Bryan, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TrueAccord Corp. and LVNV Funding, LLC,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Amy R. Bryan, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against TrueAccord Corp. and LVNV Funding, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.



Barshay Sanders PLLC

4. At all relevant times, Defendants conducted business within the State of North Carolina.

## PARTIES

5. Plaintiff Amy R. Bryan is an individual who is a citizen of the State of North Carolina residing in Mecklenburg County, North Carolina.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant TrueAccord Corp., is a California Corporation with a principal place of business in San Francisco County, California.

9. On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

10. On information and belief, Defendant TrueAccord Corp. regularly collects or attempts to collect debts asserted to be owed to others.

11. On information and belief, Defendant LVNV Funding, LLC regularly collects or attempts to collect debts asserted to be owed to others.

12. On information and belief, Defendant TrueAccord Corp. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. On information and belief, Defendant LVNV Funding, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. On information and belief, the principal purpose of Defendant TrueAccord Corp.'s business is the collection of such debts.

15. On information and belief, the principal purpose of Defendant LVNV Funding, LLC's business is the collection of such debts.

16. On information and belief, Defendant TrueAccord Corp. uses the mails in its debt collection business.

17. On information and belief, Defendant LVNV Funding, LLC uses the mails in its debt collection business.

18. Defendant TrueAccord Corp. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Defendant LVNV Funding, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

B | Barshay Sanders PLLC

## ALLEGATIONS SPECIFIC TO PLAINTIFF

20. Defendants allege Plaintiff owes a debt ("the alleged Debt").

21. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22. The alleged Debt does not arise from any business enterprise of Plaintiff.

23. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

25. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

26. In its efforts to collect the alleged Debt, Defendants contacted Plaintiff by email ("the Email") dated October 1, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

27. The Email conveyed information regarding the alleged Debt.

28. The Email is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The Email was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

30. The Email was received and read by Plaintiff.

31. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

32. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

33. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.


Barshay Sanders PLLC

34. 15 U.S.C. § 1692g(b) provides if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, is mailed to the consumer by the debt collector.

35. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

37. Plaintiff disputed the alleged Debt by email on September 30, 2019.

38. In response to Plaintiffs dispute, a representative for Defendants contacted Plaintiff by email, to notify her that the dispute would be filed immediately.

39. Additionally Defendants' representative informed Plaintiff that they would be reaching out to Plaintiff once they received adequate information from LVNV Funding LLC.

40. Defendants again contacted Plaintiff by the Email on October 1, 2019, luring her into an offer for flexible payment options.

41. The Email further stated, that it was an attempt to collect a debt.

42. Defendants failed to respond to Plaintiffs dispute on the alleged Debt but instead continued collection efforts on such alleged Debt.

43. As a result of the foregoing Defendants violated 15 U.S.C. § 1692g(b) by failing to cease collection efforts after receiving Plaintiff's written dispute on the alleged Debt.

44. As a result of the foregoing Defendants violated 15 U.S.C. § 1692e by falsely representing that it was entitled to continue collection efforts and were not required to cease communication after receiving such dispute from Plaintiff.

45. As a result of the foregoing Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect on the alleged Debt through false representation that such efforts were legitimate.

46. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and are liable to Plaintiff therefor.

Barshay Sanders PLLC

## CLASS ALLEGATIONS

47. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of North Carolina.

48. Plaintiff seeks to certify a class of:

> All consumers to whom Defendants sent a collection letter in violation of 15 U.S.C. § 1692g(b), substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

49. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

50. The Class consists of more than thirty-five persons.

51. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

53. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

54. Plaintiff hereby demands a trial of this action by jury.



Barshay Sanders PLLC

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: March 11, 2020

Arthur H. Piervincenti, P.A.

By: *s/ Arthur Piervincenti*
Arthur Piervincenti, Esquire
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
Email: arthur@lawahp.com
*Attorneys for Plaintiff*

– and –

Barshay Sanders, PLLC

By: /s/ *David M. Barshay*
David M. Barshay, Esquire
(Pro hac vice to be submitted)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118268

Barshay Sanders PLLC